**CITY OF AUSTIN, et al., Appellants,**

**v.**

**Calvin BANKS, Appellee.**

**No. 14405.**

Court of Appeals of Texas, Austin.

Sept. 18, 1985.

Robert O. Smith, Salmanson, Smith, Deitch & Travis, Austin, for Firemen's and Policemen's Civil Service Com'n.

Edward Berliner, Mullen, Berliner, MacInnes & Redding, Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

SHANNON, Chief Justice.

The City of Austin and the Firemen's and Policemen's Civil Service Commission, City of Austin appeal from a judgment of the district court of Travis County ordering the Commission to provide Calvin Banks a hearing on his dismissal as an Austin fireman. This Court will affirm the judgment.

The City of Austin Fire Department hired Banks as a firefighter on November 5, 1982. He held that position until September 17, 1984, when the Fire Chief permanently dismissed him. The dismissal was predicated upon Bank's alleged intentional omissions and misrepresentations made in his original employment application with the Fire Department. Specifically, the Fire Chief stated in his termination letter that Banks omitted from his employment application the fact that he had been employed by the Detroit Police Department in 1978 and 1979, and that he resigned from the department while under an investigation of allegations of "Criminal Sexual Conduct" and "Larceny." The Fire Chief

added in the letter, "[y]our intentional concealment of pertinent and important information was an act of fraud and deceit, which has exposed your lack of good moral character."

On September 26, 1984, Banks gave written notice of appeal and request for hearing to the Commission pursuant to Tex. Rev.Civ.Stat.Ann. art. 1269m, §§ 16b and 17 (Supp.1985). The notice was hand-delivered by Banks to Goldie Monroe, Director of the Commission. Monroe, on advice of counsel, declined to accept the notice of appeal. Banks then filed suit in district court seeking a writ of mandamus ordering the Commission to provide a hearing.

After hearing, the district court concluded that the Commission was required by Tex.Rev.Civ.Stat.Ann. art. 1269m to afford Banks a hearing on his appeal from his dismissal of September 17, 1984. Accordingly, the district court rendered judgment ordering the Commission to hear Banks' appeal of his dismissal.

The Commission argues first that its refusal to accept Banks' notice of appeal and request for hearing was proper because the Commission lacked authority to entertain Banks' appeal. As this Court understands, the Commission takes the position that it can only entertain appeals from dismissals resulting from a "violation of a civil service rule." The Commission then suggests that Banks' dismissal did not stem from a violation of a civil service rule and, accordingly, it acted properly in refusing to docket Banks' appeal.

From a review of the applicable provisions of art. 1269m and the Commission's rules, this Court has concluded that the Commission was empowered to hear Banks' appeal.

Texas Rev.Civ.Stat.Ann. art. 1269m established a Firemen's and Policemen's Civil Service Commission in all cities having a population of 10,000 or more and having a paid fire and police department. The procedures such commissions must follow in cases of indefinite suspension, which encompasses permanent dismissal, are de-

tailed in § 16. At issue is the emphasized part of § 16b(b):

> In a city having a population of less than 1,500,000 according to the most recent federal census, the chief or head of the fire department or police department may suspend an officer or employee under his supervision or jurisdiction *for the violation of a civil service rule* for a reasonable period not to exceed 15 calendar days, or for an indefinite period ...

By art. 1269m, § 5, Firemen's and Policemen's Civil Service Commissions are empowered, among other things, to make rules and regulations regarding reasons for the dismissal and suspension of policemen and firemen. Appellant Commission has promulgated rules pursuant to art. 1269m, § 5. Local Rule 10 governs "Disciplinary Suspensions." Rule 10.01 permits the chief of the police or fire department to suspend an employee for an indefinite time. An "indefinite time" is defined by the rule as being equivalent to permanent dismissal from the department. Rule 10.06 accords the suspended employee the right of appeal to the Commission. Rule 10.03 sets out the grounds for suspension of a policeman or fireman. Among such grounds are "acts showing a lack of good moral character."

Article 1269m, § 5, empowers Firemen's and Policemen's Civil Service Commissions to promulgate rules governing the removal or suspension of firemen or policemen. Specifically, such Commissions are empowered to issue rules providing for removal or suspension of employees for acts "showing a lack of good moral character." Appellant Commission exercised the power conferred by § 5 in the promulgation of Rule 10.03, which specifically provides that the chief of the police or fire department may suspend an employee for "acts showing a lack of good moral character."

In the case on appeal, the Fire Chief suspended Banks for acts which the Fire Chief considered, in his letter of dismissal, as "showing a lack of good moral character." It is apparent that Banks' alleged violation of Rule 10.03 was a "violation of a civil service rule" within the meaning of § 16b(b). As such, the Commission was obligated to afford Banks a hearing pursuant to § 16b(b). *See City of Sweetwater v. Geron,* 380 S.W.2d 550 (Tex.1964).

The judgment of the district court is affirmed.